Ex parte CHAN KAM.

CHAN KAM v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 13, 1916.)

No. 2482.

1. HABEAS CORPUS ⊚�early92(1)—SCOPE OF INQUIRY—DEPORTATION OF CHINESE —WEIGHT OF EVIDENCE.

On habeas corpus to procure the discharge of a Chinese woman ordered deported for prostitution in violation of Act Feb. 20, 1907, c. 1134, 34 Stat. 898, as amended by Act March 26, 1910, c. 128, 36 Stat. 263, where there was evidence tending to show petitioner's guilt, the court is not required to weigh the evidence.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–89, 92–94, 96; Dec. Dig. ⊚⟿92(1).]

2. ALIENS ⊚⟿32(9)—DEPORTATION OF CHINESE—PROCEEDINGS—EXAMINATION.

Where a Chinese woman was given a hearing at which she was represented by counsel, was acquainted with the charge contained in the warrant of arrest and the evidence on which it was based, and there was no evidence of abuse of discretion or arbitrary action, she was given a fair and impartial hearing, and was not illegally restrained.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ⊚⟿32(9).]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus proceedings by Chan Kam, to secure her discharge from a warrant ordering her deportation. From an order of the District Court, denying the writ, petitioner appeals. Affirmed.

Joseph P. Fallon, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, MORROW, and ROSS, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from an order of the District Court denying petition for a writ of habeas corpus. The appellant is a Chinese woman who was arrested on the 26th day of August, 1913, at Dinuba, Cal., upon a warrant issued by the Department of Labor for the arrest of the appellant on the charge that she was in the United States in violation of the act of February 20, 1907 (34 Stat. pt. 1, p. 898, c. 1134), as amended by the act of March 26, 1910 (36 Stat., pt. 1, p. 263, c. 128) in this: That she was a prostitute, and had been found an inmate of a house of prostitution and practicing prostitution subsequent to her entry into the United States.

In her petition to the District Court she alleged that she was arrested on the aforesaid warrant and taken before the Inspector of Immigration at Fresno, in the state of California, and was examined upon the warrant; that subsequently the Secretary of the Department of Labor had ordered that she be deported from the United States. A copy of the testimony taken upon her examination is attached to the petition.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The alleged illegality of her restraint consists in the abuse of discretion on the part of the immigration officers in failing to give her a fair and impartial hearing. We have examined the testimony, and we do not think it necessary to repeat it here. The Immigration Inspector was of the opinion that the evidence was sufficient to show that she was guilty of the offense charged in the warrant. There was evidence taken upon the examination which tended to show that she was guilty of that charge. We are not required to weigh that evidence.

[2] The only remaining question for us to determine is whether she was given a fair and impartial hearing upon the examination. We find no evidence of abuse of discretion or arbitrary action on the part of the officers in any part of the proceedings. The appellant was represented by counsel at the hearing; she was made acquainted with the charge contained in the warrant of arrest and the evidence upon which it was based; she was also permitted to introduce testimony on her own behalf. We are of the opinion that this evidence does not show that she was illegally restrained of her liberty.

The order, denying the writ of habeas corpus, is therefore affirmed.